RECEIVED
USDC. CLERK, CHARLESTON, SC
2010 OCT 26 P 3:31

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mary J. Horton, | C. A. No. 2:09-2055-CMC-RSC |
| Plaintiff, | |
| -versus- | REPORT AND RECOMMENDATION |
| Michael J. Astrue, Commissioner of Social Security, | |
| Defendant. | |

This case is before the court pursuant to Local Rule 83.VII.02, D.S.C., concerning the disposition of Social Security cases in this District. 28 U.S.C. § 636(b)

The plaintiff, Mary J. Horton, brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying the plaintiff's claims for disability insurance benefits under Title II of the Social Security Act.

## ADMINISTRATIVE PROCEEDINGS

On March 1, 2004, the plaintiff filed an application for disability insurance benefits alleging she became disabled on December 23, 2000, due to osteoarthritis and rheumatoid arthritis. The application was denied initially and on reconsideration by the Social Security Administration. The plaintiff filed a request for a hearing on April 11, 2005. The administrative law judge before whom the plaintiff appeared with counsel, and a vocational expert, Karl S. Weldon (Tr. 379-428),

considered the case de novo, and on September 15, 2007, found that the plaintiff was not disabled under a disability as defined in the Social Security Act, as amended. (Tr. 25-33). The administrative law judge's opinion became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on June 5, 2009.

In making the determination that the plaintiff is not entitled to benefits, the Commissioner adopted the following findings of the administrative law judge:

> 1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2005.
>
> 2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of March 2002 through her date last insured of December 31, 2005 (20 CFR 404.1520(b) and 404.1571 et seq.).
>
> 3. Through the date last insured, the claimant had the following severe combination of impairments: osteoarthritis, rheumatoid arthritis, and high blood pressure (20 CFR 404.1520(c)). ...
>
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.2526). ...
>
> 5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant has the residual functional capacity to lift 20 pounds occasionally and ten pounds frequently, stand/walk six hours in an eight-hour workday, and sit six hours in an eight-hour workday. The claimant can occasionally climb ramps and stairs, but never climb ladders, ropes, and scaffolds. The claimant can occasionally stoop, kneel, crouch, and crawl. The

2

claimant is limited in fingering (fine
manipulation) to frequently. ...

6. Through the date last insured, the claimant
was able to perform past relevant work (20 CFR
404.1565). ...

7. The claimant was born on July 2, 1950, and
was 52 years old, which is defined as an
individually closely approaching advanced age, on
the date last insured (20 CFR 404.1563).

8. The claimant has a limited education and is
able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material
to the determination of disability because using
the Medical-Vocational Rules as a framework
supports a finding that the claimant is "not
disabled," whether or not the claimant has
transferable job skills (See SSR 82-41 and 20 CFR
Part 404, Subpart P, Appendix 2).

10. Through the date last insured, considering
the claimant's age, education, work experience,
and residual functional capacity, there were jobs
that existed in significant numbers in the
national economy that the claimant could have
performed (20 CFR 404.1560(c) and 404.1566). ...

11. The claimant was not under a disability as
defined in the Social Security Act, at any time
from March 2002, the alleged onset date, through
December 31, 2005, the date last insured (20 CFR
404.1520(g)).

Tr. 27-32.

### ARGUMENTS PRESENTED

By brief the plaintiff presented the following arguments:

(1). The administrative law judge erred in
rejecting the opinions of Drs. Tracy, Brown, and
Holt, Horton's treating physician, without any
evidentiary support.

(2). The administrative law judge failed to
make specific findings regarding Horton's
credibility.

(3). The administrative law judge erred in finding Horton had severe impairments but ruling that she was not entitled to benefits.[1]

## APPLICABLE LAW AND REGULATIONS

The Social Security Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are "under a disability." 42 U.S.C. § 423(a). Disability is defined in 42 U.S.C. § 423(d)(1)(A) as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can expected to result in death or which has lasted or can be expected to last for at least 12 continuous months.

To facilitate a uniform and efficient processing of disability claims, the Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must determine whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an impairment contained in the Social Security Act listings of impairments, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing any other work. 20 C.F.R. § 404.1520.

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the

---

[1] This argument confuses "severity" with disability and will not otherwise be discussed. See, 20 C.F.R. § 404.1520 and SSR 96-3p.

4

findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. Richardson v. Perales, 402 U.S. 389 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a de novo review of the evidence and requires the court to uphold the Secretary's decision as long as it is supported by substantial evidence. See, Pyles v. Bowen, 849 F.2d 846, 848 (4th Cir. 1988) (citing Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "substantial evidence" is defined as evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

In short, the only issue before the Court is whether the final decision of the Commissioner is supported by substantial evidence and proper legal standards have been applied.

Treating Physician

The Fourth Circuit Court of Appeals has held that "the opinion of a claimant's treating physician must be given great weight." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). It has also held, however, that the ALJ may disregard a treating physician's opinion if there is persuasive contradictory evidence. Smith v. Schweiker, 795 F.2d 343, 345-46 (4th Cir. 1986).

While the Commissioner is not bound by the opinion of a claimant's treating physician, that opinion is entitled to great

5

weight for it reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time. Therefore, it may be disregarded only if there is persuasive contradictory evidence. Mitchell v. Schweiker, 699 F.2d 185, 187 (4th Cir. 1983). Yet the court of appeals has also ruled that the testimony of a non-examining physician can be relied upon when it is consistent with the record. Kyle v. Cohen, 449 F.2d 489, 492 (4th Cir. 1971). Furthermore, if the medical expert testimony from examining or treating physicians goes both ways, a determination coming down on the side of the non-examining, non-treating physician should stand. Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984).

Credibility

Two regulations, one addressing disability insurance claims and the other addressing supplemental security income claims, 20 C.F.R. §§ 404.1529 and 416.929, explain how the Social Security Administration evaluates a claimant's symptoms to determine whether he or she is disabled. Social Security Ruling 96-7p clarifies these regulations by explaining when and how an administrative law judge can weigh the credibility of the claimant's own testimony. First, the administrative law judge must determine whether medically determinable mental or physical impairments can produce the symptoms alleged. Second, the administrative law judge must evaluate the claimant's testimony about his subjective experiences. If the administrative law judge discredits the claimant's testimony, he must give "specific reasons" that are "grounded in the evidence." See, SSR 96-7p.

6

Fisher v. Barnhart, 181 Fed. Appx. 359 (4th Cir. 2006).

## DISCUSSION

It is recommended that this matter be remanded to the Commissioner for full consideration of the plaintiff's credibility and evaluation of the opinion of the treating physician, Dr. Brown.

Social Security Regulations 20 C.F.R. §§ 404.1529(c)(4) and 416.929(c)(4) as clarified in SSR Ruling 96-7p explain the procedures for evaluating credibility as follows:

> [O]nce an underlying physical or mental impairment(s) that could reasonably be expected to produce the individual's pain or other symptoms has been shown, the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities. For this purpose, whenever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. This includes the medical signs and laboratory findings, the individual's own statements about the symptoms, any statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. This requirement for a finding on the credibility of the individual's statements about symptoms and their effects is reflected in 20 CFR 404.1529(c)(4) and 416.929(c)(4). These provisions of the regulations provide that an individual's symptoms, including pain, will be determined to diminish the individual's capacity for basic work activities to the extent that the individual's alleged functional limitations and restrictions due to symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence in the case record. When additional information is needed to assess

7

> the credibility of the individual's statements
> about symptoms and their effects, the adjudicator
> must make every reasonable effort to obtain
> available information that could shed light on the
> credibility of the individual's statements. In
> recognition of the fact that an individual's
> symptoms can sometimes suggest a greater level of
> severity of impairment than can be shown by the
> objective medical evidence alone, 20 CFR
> 404.1529(c) and 416.929(c) describe the kinds of
> evidence, including the factors below, that the
> adjudicator must consider in addition to the
> objective medical evidence when assessing the
> credibility of an individual's statements:
>
> The individual's daily activities;
> The location, duration, frequency, and intensity
> of the individual's pain or other symptoms;
> Factors that precipitate and aggravate the
> symptoms;
> The type, dosage, effectiveness, and side effects
> of any medication the individual takes or has
> taken to alleviate pain or other symptoms;
> Treatment, other than medication, the individual
> receives or has received for relief of pain or
> other symptoms;
> Any measures other than treatment the individual
> uses or has used to relieve pain or other symptoms
> (e.g., lying flat on his or her back, standing for
> 15 to 20 minutes every hour, or sleeping on a
> board); and
> Any other factors concerning the individual's
> functional limitations and restrictions due to
> pain or other symptoms.

SSR 96-7p.

In this instance the administrative law judge failed to explain his evaluation of the plaintiff's credibility and stated only, ". . . the claimants's medically determinable impairments could have been reasonably expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (Tr. 29). While the administrative law judge summarizes the evidence at large, he fails to explain his conclusion with regard to credibility. Absent an explanation,

8

without a rational, this court has nothing to review.

Likewise social security regulations require that opinions of treating physicians must be evaluated and opinions of disability considered.

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (d)(2)(i) and (d)(2)(ii) of this section, as well as the factors in paragraphs (d)(3) through (d)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

20 C.F.R. § 404.1527(d)(2).

Unfortunately the administrative law judge did not even reference the medical evidence of Dr. James E. Brown who treated the plaintiff from September 2002 until January 2007 (Tr. 276-348) and opined in November 2005 that the plaintiff could not work. (Tr. 287-288). This is not to say that this evidence is or is not entitled to any particular weight, but only that the administrative law judge had an obligation to give good reasons in his decision for the weight he gave the treating source's opinion. This he did not do.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that, pursuant to the power of this court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of §§ 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), the court should reverse the Commissioner's decision under sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and remand the case to the Commissioner to take appropriate action. See, Melkonyan v. Sullivan, 111 S.Ct. 2157 (1991).

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina,
October 26, 2010