IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Mary J. Horton, ) | C/A No. 2:09-2055-CMC-RSC |
| ) | |
| Plaintiff, ) | |
| v. ) | OPINION AND ORDER |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Social Security Income. Plaintiff appealed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Robert S. Carr made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C. For the reasons set forth below, the court adopts the Report, which was filed on October 26, 2010, reverses the decision of the Commissioner pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and remands the matter to the Commissioner for further proceedings.

## I. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social

Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances which would substitute the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

"From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits should be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## II. DISCUSSION

The Report recommends that the court reverse the Commissioner's decision and remand the case for further proceedings based on the failure of the administrative law judge ("ALJ") to properly address his reasons for finding Plaintiff's testimony non-credible and for rejecting the opinion of

both of Plaintiff's treating physicians. Dkt. No. 24 at 10 (Report). On November 10, 2010, Defendant objected to this recommendation.

In his Objection, Defendant argues that the objective medical evidence "did not support Plaintiff's subjective complaints." Dkt. No. 27 at 1. Nevertheless, the court agrees with the Report's conclusion that while the ALJ summarized the evidence at large, he failed to explain his conclusion with regard to credibility as required by Social Security regulations. SSR Ruling 96-7p ("[the ALJ] must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.").

Defendant also argues that the ALJ's failure to reference the medical evidence of treating physician Dr. James E. Brown was harmless error because Dr. Brown rendered an opinion that was identical to the opinion of another physician, Dr. Tracy, whose medical evidence was referenced in the ALJ's opinion. Dkt. No. 27 at 3. As the Report states, Dr. Brown was Plaintiff's treating physician from September 2002 until January 2007. Dkt. No. 26. Dr. Tracey saw the Plaintiff from January 2003 through October 2005. Tr. 29. While the form opinion completed by Dr. Brown may be identical to the form opinion completed by Dr. Tracey, it does not follow that the ALJ may reject the opinions of both treating physicians by discussing only one of them. This is particularly true where, as here, the two physicians treated Plaintiff for significantly different periods of time. By not even referencing it, the ALJ failed to explain his reasoning for discounting Dr. Brown's medical opinion and the underlying evidence supporting it.

Having fully considered Defendant's objections, the court adopts the reasoning and recommendation of the Report and remands the matter to the Commissioner.

### III. CONCLUSION

For the reasons set forth above, this court adopts the Report and Recommendation of the Magistrate Judge, reverses the decision of the Commissioner pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and remands the case to the Commissioner for further proceedings consistent with this order.

**IT IS SO ORDERED.**

                 s/ Cameron McGowan Currie
                 CAMERON MCGOWAN CURRIE
                 UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 16, 2010